Dear Governor Keating,
¶ 0 This office has received your request for an official Attorney General's Opinion in which you ask the following question:
Do the provisions of Oklahoma Ethics Commission Rule 257:10-1-3,which prohibit the use of public property for campaignfundraisers, prohibit the Governor from using personal or privatefunds to hold a campaign fundraiser at his home — the Governor'sMansion?
¶ 1 The Oklahoma Ethics Commission Rule you inquire about, Rule 257:10-1-3 (the "Rule"), in pertinent part, prohibits the use of public funds, property or time to participate in campaign fundraisers:
 A person shall not use or authorize the use
of public funds, property, or time, to participate or assist in the organization of or preparation for a fundraiser for a campaign or in any solicitation of funds for or against a candidate for state office or a ballot measure.
O.E.C. Rule 257:10-1-3(a) (emphasis added).
¶ 2 Rule 257:10-1-3 also prohibits the use of public funds or property to prepare or disseminate material designed to influence elections for state office or ballot measures:
 A person shall not use or authorize the use of public funds, property, or time to produce, print, publish, broadcast, or otherwise disseminate material designed or timed to influence the results of an election for state office or a ballot measure, except political activities or statements inherent to or part of the function of a candidate or an elective officer or in the performance of a state officer's or state employee's duties or as allowed by law, regardless of the lack of specific reference to the election.
O.E.C. Rule 257:10-1-3(b) (emphasis added).
¶ 3 Also prohibited by Rule 257:10-1-3 is the use of State officers and employees for the purposes set forth in subsections (a) and (b) quoted above, while in uniform or during the hours that the officer or employee is in an official work status:
 A person shall not authorize the use of state officers or state employees for the purposes set forth in Subsections (a) and (b) while in a uniform that identifies him or her as a state officer or state employee or during the hours that the state officer or state employee is officially in work status for a governmental entity.
O.E.C. Rule 257:10-1-3(d).
¶ 4 At subsection (f), Rule 257:10-1-3 also prohibits the solicitation of campaign contributions from State employees in a facility ordinarily used for the conduct of State business:
 A person shall not solicit, verbally or in writing, in a facility ordinarily used for the conduct of state government business, a contribution from a state employee.
O.E.C. Rule 257:10-1-3(f).
¶ 5 You inquire whether Rule 257:10-1-3 prohibits you from holding a political fundraiser in your home — the Governor's Mansion — if personal or private funds were used to hold the fundraiser.
¶ 6 In construing the Ethics Commission Rule, we first note that its prohibitions all speak in terms of what a "person" shall not do. The definitions section of the Ethics Rules promulgated by the Oklahoma Ethics Commission pursuant to the provisions of Article XXIX, § 3 of the Oklahoma Constitution, defines the term "person" at Rule 257:1-1-2 very broadly to mean "an individual,
corporation, association, proprietorship, firm, partnership, limited partnership, joint venture, joint stock company, syndicate, business trust, estate, trust, company, organization, committee, or club, or a group of persons who are voluntarily acting in concert." As the definition of "person" includes "an individual," the prohibitions in Ethics Rule 257:10-1-3 would apply to any individual, including the Governor.
¶ 7 Your question is limited to those circumstances in which a fundraiser would be paid for with either personal or private funds. Thus, we concentrate on the Rule's prohibition on the use of public property. The provisions of subsection (a) of Rule 257:10-1-3 prohibit the use of public property, as noted above, "to participate or assist in the organization of or preparation for a fundraiser for a campaign or in any solicitation of funds for or against a candidate for state office or a ballot measure." Nowhere do the Ethics Commission Rules define "property" as used in the Rule. However, the Ethics Commission, on September 28, 1994, issued a formal Ethics Interpretation, EI-94-002, which construed the provisions of Rule 257:10-1-3, and in doing so interpreted "property" as used in that Rule:
 [T]he Commission construes `property' in this instance as prohibiting dissemination of literature in buildings where state government is conducted.
Mindful of constitutional considerations, the Commission interprets this narrowly to mean where state government is actually conducted. In a university setting, this will likely be confined to specific areas within the administration building.
Ethics Interpretation EI-94-002.
¶ 8 In more fully discussing the meaning of "property" within Ethics Rule 257:10-1-3, the Ethics Commission, in EI-94-002, put much emphasis on the prohibition in subsection (g) of the Rule, which provides:
 A person shall not distribute or post, or cause to be distributed or posted in a facility ordinarily used for the conduct of state government business, a communication designed to influence the outcome of an election for state office or a ballot measure.
O.E.C. Rule 257:10-1-3(g) (emphasis added).
¶ 9 Noting that the prohibitions in subsection (g) required a narrow interpretation of "property" the Ethics Commission ruled:
 "Property", as used in the rule, could arguably include private residences in public housing, public parks, grounds and walkways. If this were the intended meaning, there would have been no need for Subsection (g). On the other hand, if property means portions of developed real estate or personal property owned by the state, there would be a need for Subsection (g).
 The Commission thus interprets public property
within this context as portions of publicly owned buildings where government is actually conducted,
publicly owned vehicles or other personal property, such as copiers, computers, postal machines, printing equipment and the like. It finds the term excludes portions of buildings not used for the actual conduct of state government, as well as incidental use of grounds, sidewalks, roadways, parking lots, common areas, etc.
Ethics Interpretation EI-94-002 (emphasis added).
¶ 10 Thus, we see that the Oklahoma Ethics Commission, in construing the prohibitions of Ethics Rule 257:10-1-3, has narrowly construed the prohibition against the use of public property to apply to property where government is actually conducted. In applying this narrowly construed prohibition to the Governor's use of the Governor's Mansion, we conclude that the Rule's prohibition does not prohibit the Governor from holding a campaign fundraiser in his or her home — the Governor's Mansion.
¶ 11 Under Oklahoma law the Governor, during his or her term in office, is provided with both an office in the State Capitol, where he or she must conduct State business, and the Governor's Mansion, which is provided at state expense for his or her occupancy — for use as his or her home. The provisions of 73O.S. 1991, § 1[73-1], which were originally passed into law in 1910,[1] provide for both the State Capitol, which is to serve as a seat of government, and for an Executive Mansion:
 The seat of government and capitol of the state of Oklahoma shall be and is hereby established at Oklahoma City, in the county of Oklahoma, in the said state; and the permanent capitol of the state shall be erected on the following described lands: Fifteen acres of land surrounding a point on the half-section line running north and south between the northeast fourth and the northwest fourth of section twenty-seven (27), township twelve (12) north, range three (3) west of the Indian Meridian, otherwise known as the center of Lincoln boulevard at its intersection with the center of Twenty-second street, extending east from the right-of-way of the Atchison, Topeka and Santa Fe Railway Company; and the Executive Mansion shall be located in the vicinity of said capitol grounds on a site consisting of one-half block, the same to be selected by the Capitol Commission.
73 O.S. 1991, § 1[73-1] (emphasis added).
¶ 12 Under the dictates of 74 O.S. 1991, § 1[74-1], the Governor is required to keep his or her office at the State Capitol, and to transact the State's business from that office:
 The Governor shall keep his office at the seat of government, in which shall be transacted the business of the executive department of the state.
74 O.S. 1991, § 1[74-1] (emphasis added).
¶ 13 Not only do the provisions of 74 O.S. 1991, § 1[74-1] require the Governor to keep his or her office at the seat of government — the State Capitol — the provisions also require that it is in that office "in which shall be transacted the business of the executive department of the state." That is, the Legislature has not only directed where the Governor's office is to be located, it has also required that the Governor is to use that office to conduct his or her executive duties.
¶ 14 On the other hand, the Executive Mansion, also called the Governor's Mansion, is provided for a different purpose. The Mansion is not to function as the Governor's office, but rather is to be the Governor's residence — the Governor's home. This is recognized in 74 O.S. Supp. 1995, § 7[74-7], which authorizes funds to be used for the maintenance and upkeep of the Governor's Mansion. As the statute indicates, the Mansion is provided for the Governor's "occupancy":
 The Governor of the State of Oklahoma is hereby authorized, at the expense of the state, and within the limitations of the appropriation authorized below, to maintain in such manner as the Governor deems necessary and appropriate, the mansion provided for his occupancy by the State of Oklahoma
and to pay all expenses connected with said occupancy. Such expenses shall include food, entertainment and such other expenditures as would be necessary and proper for the Governor, his family and his guests when the duties of the Office of Governor dictate such expenditures. The expense of the occupancy and upkeep of said Governor's Mansion shall be from funds appropriated annually by the Legislature from the General Revenue Fund for such purposes. The funds shall be paid monthly upon a claim approved by the Governor of Oklahoma. The Governor shall deposit such funds in a separate account and shall keep a separate record of all expenditures. At the end of the fiscal year, the Governor shall submit an itemized report, or final accounting, of such expenditures to the State Auditor and Inspector. Such report shall be a public record and shall be made available for inspection upon demand.
74 O.S. Supp. 1995, § 7[74-7] (emphasis added).
¶ 15 Thus, we see that the Governor's Mansion serves as the home for the Governor and his or her family. It is in that home that the Governor's family lives. It is their private residence. It is maintained for that purpose, and not for the purpose of conducting official business. The Governor's official business is to be conducted, under the provisions of 74 O.S. 1991, § 1[74-1], in the Governor's office located at the State Capitol.
¶ 16 In construing the prohibitions of Ethics Rule 257:10-1-3, the Ethics Commission itself held that prohibitions on the use of "public property" applied to property where the business of government is actually conducted. That is, it is not the State's ownership or maintenance of property that brings property under the Rule's prohibition; rather, it is the use to which the property is put. By statute, the Governor is to maintain his or her office in the State Capitol, and conduct his or her business in that office. By statute, the Executive Mansion is provided for the Governor's occupancy — provided to serve as his or her home during his or her tenure in office. We conclude that under this statutory scheme, the prohibitions on use of public property in Ethics Rule 257:10-1-3 do not prohibit the Governor from using either personal or private funds to conduct a fundraiser at his or her home — the Governor's Mansion.
¶ 17 The Governor may not, however, use public funds to pay for the expenses of holding the fundraiser at his or her home. In authorizing expenditures for the maintenance and upkeep of the Governor's Mansion, the Legislature, at 74 O.S. Supp, 1995, §7[74-7], has limited expenditure of those funds for food, entertainment and such other matters "as would be necessary and proper for the Governor, his family and his guests when the duties of the Office of Governor dictate such expenditures." The holding of a political fundraiser would not fall within such authorization. Nor would the use of public funds be permitted under Ethics Rule 257:10-1-3, which prohibits a person from using or authorizing "public funds," to "participate or assist in the organization of or preparation for a fundraiser for a campaign or in any solicitation of funds for or against a candidate for state office or a ballot measure." Also prohibited is the use of State officers or employees when they are on duty or when in a uniform that identifies them as State officers or employees.
¶ 18 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. The provisions of Ethics Rule 257:10-1-3, promulgated underthe provisions of Article XXIX, § 3 of the Oklahoma Constitution,among other things, prohibit the use of "public property" toparticipate or assist in the organization of or preparation for afundraiser for a campaign or in any solicitation of funds for oragainst a candidate for state office or a ballot measure. UnderEthics Interpretation EI-94-002 issued by the Oklahoma EthicsCommission, the prohibitions on the use of "public property" inEthics Rule 257:10-1-3 do not apply to all publicly ownedproperty, but only apply to property where government is actuallyconducted.
2. Under the provisions of 73 O.S. 1991, § 1[73-1], the seat ofgovernment is located at the State Capitol in Oklahoma City, anda separate building, the Executive Mansion — also called theGovernor's Mansion — is located within the vicinity of the StateCapitol.
3. The Governor is required, under the provisions of 74 O.S.1991, § 1[74-1], to keep his or her office at the State Capitol, andis also required to transact his or her business from thatoffice.
4. The Governor's Mansion, as recognized in 74 O.S. Supp.1995, § 7[74-7], is provided for the occupancy of the Governor andfamily — to serve as the Governor's home during his or her tenurein office.
5. The prohibitions on the use of "public property" in EthicsRule 257:10-1-3, which are not applicable to all state-ownedproperty, but only applicable to property where government isactually conducted, do not apply to use of the Governor's Mansionwhich is provided to be used as the Governor's home during his orher tenure in office. Accordingly, the Governor is not prohibitedfrom conducting a campaign fundraiser at the Governor's home —the Governor's Mansion.
6. While not prohibited from conducting a campaign fundraiser athis or her home — the Governor's Mansion — the Governor isprohibited, by Ethics Rule 257:10-1-3, from using public funds inthe preparation, organization, or holding of such a fundraiser athis or her home, and is further prohibited from using Stateofficers or employees for such purpose when they are on duty orwhen in a uniform that identifies them as State employees orofficers.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] See Laws 1910-11, ch. 5, p. 5, § 1.